DEVIN DERHAM-BURK, #104353
CHAPTER 13 STANDING TRUSTEE
DEVIN L. PACE, ESQ. #256514
NANETTE DUMAS, ESQ. #148261
P.O. BOX 50013
SAN JOSE, CA 95150-0013
TELEPHONE:   (408) 354-4413
FACSIMILE:   (408) 354-5513

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA - DIVISION 5

| IN RE: | CHAPTER 13 CASE NO.  11-53414 ASW |
|---|---|
| MAURICE EUGENE RUGRODEN,<br><br>Debtor. | **MOTION TO DISMISS PRE-CONFIRMATION PURSUANT TO 11 U.S.C. §1307(c)**<br><br>Hearing  Date: January 15, 2013<br>Hearing  Time: 2:15 p.m.<br>Judge:    Hon. Arthur S. Weissbrodt<br>Place:    Courtroom 3020 |

Devin Derham-Burk, the Chapter 13 Standing Trustee (the "Trustee"), moves the Court for an order dismissing this case for cause pursuant to 11 U.S.C. §1307(c), based on unreasonable delay by the above-captioned debtor (the "Debtor") that is prejudicial to creditors, and lack of feasibility of the Debtor's chapter 13 plan.

This motion is brought in accordance with Federal Rules of Bankruptcy Procedure 9013, 9014 and Bankruptcy Local Rule 9014-1. The Trustee requests the Court to take judicial notice of its files and records in this case. Fed. R. Evid. 201, made applicable to bankruptcy

RUGRODEN, 11-53414 ASW                                   MOTION TO DISMISS       PAGE 1 of 7

Case: 11-53414   Doc# 73   Filed: 12/20/12   Entered: 12/20/12 11:55:46   Page 1 of 7

proceedings pursuant to Fed. R. Bankr. P. 9017. The Declaration of Nanette Dumas (the "Dumas Decl.") is filed concurrently herewith in support of this motion.

## FACTUAL SUMMARY

The Debtor filed his chapter 13 case and his chapter 13 plan (the "Plan") on April 12, 2011 [Docket ## 1 and 2]. Devin Derham-Burk is the duly appointed Chapter 13 Trustee in this matter.

The Plan is unconfirmable on its face. Among other issues, the total filed claims in this case (which do not include attorneys' fees) divided by the monthly plan payment results in a plan with a duration that exceeds 600 months, in violation of 11 U.S.C. § 1322(d). See First Amended Trustee's Objection To Confirmation filed September 12, 2011 (the "Trustee's Objection") [Docket # 42].

Further, paragraph #7 of the Plan provides: "The plan shall be funded from the proceeds of litigation . . . ." The Trustee's Objection regarding ¶ 7 states in pertinent part: "[T]he debtor testified [at his § 341 meeting] that he has two claims which he is pursuing: 1) against Kelsey and 2) against State Bank of Park Rapids. . . .[T]he litigation against the Bank is not yet filed in federal court in Minnesota as it was dismissed from federal court in San Jose, California. He indicated his intent to pursue this litigation pro se."

First, with respect to the State Bank of Park Rapids litigation, the Debtor's Statement of Financial Affairs ("SOFA"), filed April 12, 2011 [Docket #1] indicates that pre-petition he had been a party to a lawsuit in Santa Clara County entitled Patrick J. Thomas Agency v. Rugroden and State Bank of Park Rapids, #111CV197436, with judgment entered in favor of State Bank of Park Rapids. SOFA, question 4(a). However, the Public Access Civil Case Information Website for the Superior Court of California, County of Santa Clara indicates that the title of

the lawsuit is <u>State Bank of Park Rapids v. Rugroden</u>, with a judgment in favor of State Bank of Park Rapids, and against the Debtor, having been entered on March 25, 2011. Dumas Decl., ¶ 3; Exh. A. State Bank of Park Rapids is listed as a general unsecured creditor with a disputed debt in the amount of $64,632 on Debtor's Schedule F filed April 12, 2011 [Docket #1], with the notation that the debt is a judgment subject to setoff. On Schedule B, question 21 the Debtor has listed an unfiled cause of action against State Bank of Park Rapids valued at $3,500,000. The Trustee is informed and believes that the Debtor has not yet filed suit against State Bank of Park Rapids, and that therefore there is little or no likelihood of a recovery for creditors from any such potential action. Dumas Decl., ¶ 4.

<u>Second</u>, on Schedule B the Debtor has listed a lawsuit entitled <u>Rugroden v. Kelsey</u> valued at $1,300,000, and he also listed the same lawsuit on question 4(a) of the SOFA (i.e., Santa Clara County Superior Court Case No. #110CV172008). However, the Public Access Civil Case Information Website for the Superior Court of California, County of Santa Clara now indicates that final judgment was recently entered in favor of all defendants in that suit on November 15, 2012. Thus, the Kelsey litigation is no longer a viable source of recovery for creditors. Dumas Decl., ¶ 5; Exhs. B and C.

In ¶ 7 of the Plan the Debtor also appears to suggest that he could sell real property in order to pay creditors. The Debtor has listed interests in five properties on Schedule A. However, two of the five properties (respectively located in Groveland, California and Carnelian Bay, California) were seized by the Internal Revenue Service (the "IRS") and sold to a third party pre-petition. On September 25, 2012 the Court issued a 21 page Memorandum Decision [Docket #71] denying the Debtor's Motion For Sanctions filed against the IRS and denying as moot a motion filed by the IRS for relief from the automatic stay. The Debtor did

not appeal the Court's decision. Thus, the properties in Groveland and Carnelian Bay were never a part of the bankruptcy estate. As for the remaining three properties, the Debtor has indicated on Schedule A that his residence has no equity. The other two properties on Schedule A are single family residences in Nevis, Minnesota, one of which one is co-owned by the Debtor with two of his brothers, so it would be difficult to sell even under the best of circumstances. Title to the other Nevis property is apparently vested solely in the Debtor, and the property has at least $100,000 in equity according to Schedule A. However, the Trustee is informed and believes that Nevis is a small town with a population of less than 500 in a fairly remote location in northern Minnesota. Dumas Decl., ¶ 6. Therefore, there is little likelihood that the Debtor would be able find a buyer for the property.

In addition to the objections filed by the Trustee [Docket ## 18 and 42], the following parties have filed objections to the Plan: the IRS [Docket #12]; Hubbard County (Minnesota) [Docket #13]; Del Monte Aviation, LLC [Docket # 14]; GMAC Mortgage, LLC [Docket #15]; Scott Harvey [Docket #16]; Franchise Tax Board [Docket #23]; State Bank of Park Rapids (joinder) [Docket #25]; and JPMorgan Chase Bank, N.A. [Docket #70]. None of these objections have been withdrawn, and the Debtor has never amended the Plan.

The claims register in this case indicates that the filed secured claims total $1,081,504 the priority claims total $97,656, and the general unsecured claims total $42,485.40.

Schedules I and J, filed April 12, 2011 [Docket #1] indicate that the Debtor's income is $985 per month and his expenses are $843 per month.

The Debtor's Chapter 13 Statement Of Current Monthly Income And Calculation Of Commitment Period And Disposable Income indicates that the Debtor's pre-petition income during the six months prior to filing this case was $1,200 per month.

**ARGUMENT**

11 U.S.C. § 1307(c) authorizes the Trustee or any party in interest to request the Court to dismiss a chapter 13 case for cause if it is in the best interests of the creditors and the estate. Section 1307(c) sets forth a non-exclusive list of factors that constitute cause for conversion or dismissal. In re De La Salle, 461 B.R. 593, 605 (9th Cir. B.A.P. 2011). This case should be dismissed based on the Debtor's failure to expeditiously prosecute his case, coupled with the lack of feasibility of the Debtor's Plan.

    A.    <u>This Case Should Be Dismissed Based On Unreasonable Delay By The Debtor.</u>

One of the enumerated factors in Section 1307(c) is "unreasonable delay by the debtor that is prejudicial to creditors." 11 U.S.C. § 1307(c)(1) (AWHFY, L.P. 2012). A chapter 13 debtor's unjustified failure to expeditiously accomplish any necessary task in connection with plan confirmation may constitute cause for dismissal pursuant to § 1307(c)(1). In re Ellsworth, 455 B.R. 904, 915 (9th Cir. B.A.P. 2011) (citations omitted).

The Debtor's Plan in this case is patently unconfirmable, yet the Debtor has never filed an amended plan. Indeed, there has been no activity on the case docket in this 20 month old case since the Court issued its Memorandum Decision on September 25, 2012. The Debtor's failure to address the fatal defects in his Plan and to move this case toward confirmation constitutes unreasonable delay that is prejudicial to creditors. This is particularly true in light of this Court's adverse decision regarding the pre-petition sale of two of the Debtor's properties, and the recent adverse judgment of the Santa Clara County Superior Court in the Kelsey litigation.

The Debtor's prospects of confirming a plan are far dimmer now than they were even at the outset of the case. Any further delay is unreasonable and is unfair to creditors. Therefore, this case should be dismissed.

B. This Case Should Be Dismissed Based On Lack Of Feasibility Of The Plan.

As an additional ground for dismissal, the Plan proposed by the Debtor is not feasible. The Debtor has insufficient income and assets to fund a confirmable Plan, and that situation is unlikely to change. In In re Costello, No. 10-03385, 2011 WL 2712970 at *3 (Bankr. N.D. Iowa July 12, 2011) the court dismissed the debtors' case pursuant to § 1307(c) based on the debtors' delay in confirming the case and the lack of a feasible plan. The court stated:

> Debtors have the burden to prove the plan is feasible. . . . The test for feasibility is whether "the things which are to be done after confirmation can be done as a practical matter under the facts." . . . In cases where the debtor proposes to fund payments from a sale of assets, courts look at the practicalities of whether the sale will be closed in a timely fashion, and require immediate marketing of the asset . . . [Feasibility] must be "based on objective facts, not mere wishful thinking or pipe dreams."

2011 WL 2712970 at *2 (citations omitted).

Similarly, in In re Wile, 304 B.R. 198, 205-06 (Bankr. E.D. Pa. 2004) the court converted the case to chapter 7 based on unreasonable delay and lack of feasibility, stating, "Debtor has enjoyed bankruptcy protection for one year . . . The Chapter 13 plan filed is patently infeasible . . . Given the Debtor's financial resources and obligations, a further amended plan would be an exercise in futility . . ."

Here, as in Wile, an amended plan would be an exercise in futility given the scope of the Debtor's obligations and the Debtor's ever-worsening financial situation. Therefore, this case should be dismissed.

**CONCLUSION**

For the foregoing reasons, the Court should dismiss the Debtor's chapter 13 case for cause pursuant to 11 U.S.C. §1307(c).

| | | |
|---|---|---|
| 1 | Dated: December 19, 2012 | Respectfully submitted, |

/s/ Nanette Dumas
Nanette Dumas
Attorney for Chapter 13 Standing Trustee
RUGRODEN, 11-53414 ASW　　　　　　　　　MOTION TO DISMISS　　　PAGE 7 of 7