DEVIN DERHAM-BURK, #104353
CHAPTER 13 STANDING TRUSTEE
DEVIN L. PACE, ESQ. #256514
NANETTE DUMAS, ESQ. #148261
JANE Z. BOHRER, ESQ. #243692
P.O. BOX 50013
SAN JOSE, CA 95150-0013
TELEPHONE: (408) 354-4413
FACSIMILE: (408) 354-5513

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA - DIVISION 5

IN RE:

MAURICE EUGENE RUGRODEN,

Debtor.

CHAPTER 13 CASE NO. 11-53414 ASW

TRUSTEE'S REPLY TO DEBTOR'S SUPPLEMENTAL RESPONSE TO MOTION TO DISMISS

Hearing Date: March 4, 2013
Hearing Time: 2:15 p.m.
Judge: Hon. Arthur S. Weissbrodt
Place: Courtroom 3020

    Devin Derham-Burk, the Chapter 13 Standing Trustee (the "Trustee"), submits this reply to the Supplemental Response To Motion To Dismiss (the "Supplemental Response") filed by the above-captioned debtor (the "Debtor") on February 26, 2013 [Docket # 79].

    The Trustee's motion to dismiss this case (the "Dismissal Motion") was filed on December 20, 2012 and set for hearing on January 15, 2013. In the Debtor's initial response to the Dismissal Motion, the Debtor requested additional time "to determine the proper amount owed IRS and the correct characterization of the FTB claim" and "to locate counsel or otherwise

RUGRODEN, 11-53414 ASW    TRUSTEE'S REPLY TO DEBTOR'S SUPPLEMENTAL
RESPONSE TO MOTION TO DISMISS    PAGE 1 of 2

Case: 11-53414   Doc# 80   Filed: 02/27/13   Entered: 02/27/13 16:34:05   Page 1 of 2

arrange for litigation . . . [in] Minnesota." At the January 15, 2013 hearing the Court granted the Debtor's request and continued the hearing on the Dismissal Motion for seven weeks, setting deadlines of February 25th and February 27th for certain actions to be taken by the Debtor in the meantime, such as the filing of an amended chapter 13 plan.

In the Supplemental Response the Debtor has conceded that he has been unable to meet the Court's deadlines and has made another request for an open-ended extension of time to consider whether to convert his case to chapter 7.

This chapter 13 case and the current version of the chapter 13 plan were filed on April 12, 2011. The Debtor has made no progress toward confirming a plan in almost two years, and appears to have no realistic prospect of doing so. Moreover, he has had well over two months to file a meaningful opposition to the Trustee's motion. Instead, the Debtor has simply attempted to postpone the inevitable by asking for more time. Therefore, this case should be dismissed. Alternatively, if the Court is not inclined to dismiss the case at the hearing, the Trustee requests the Court to dismiss the case with a 30 day stay to give the Debtor the opportunity to decide whether to convert his case to chapter 7.

Dated: February 27, 2013            Respectfully submitted,

/s/ Nanette Dumas
Nanette Dumas
Attorney for Chapter 13 Standing Trustee